IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDA KROLL,<br><br>    Plaintiff,<br><br>  v.<br><br>KAISER FOUNDATION HEALTH PLAN LONG TERM DISABILITY PLAN,<br><br>    Defendant.<br>_____/ | No. C 09-01404 JSW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AUGMENT THE ADMINISTRATIVE RECORD AND FOR LEAVE TO CONDUCT DISCOVERY** |

Now before the Court is Plaintiff Cinda Kroll's motion for an order directing defendant to augment the administrative record and for leave to conduct discovery. This matter is now fully briefed and ripe for decision. The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for October 23, 2009 is VACATED. Having considered the parties' arguments, relevant legal authority, and having had the benefit of oral argument, the Court grants in part and denies in part Plaintiff's motion to augment the administrative record and for leave to conduct discovery.

Plaintiff brings this motion to conduct discovery regarding defendant Metropolitan Life Insurance Company's ("Met Life") conflict of interest. Plaintiff argues that there was an apparent conflict of interest because Met Life acted as both the funding source and the administrator of the ERISA plan. *See Metropolitan Life Ins. Co. v. Glenn*, __ U.S. __, 128 S.Ct.

1  2343, 2348 (2008) ("If a benefit plan gives discretion to an administrator or fiduciary who is
2  *operating under a conflict of interest*, that conflict must be *weighed as a factor* in determining
3  whether there is an abuse of discretion.") (emphasis in original, internal quotations omitted); *see*
4  *also Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 965 (9th Cir.2006) ("an insurer that
5  acts both as the plan administrator and the funding source for the plan operates under what may
6  be termed a structural conflict of interest"). Under *Glenn* and *Abatie*, a court must consider a
7  conflict of interest as a factor to be weighed in abuse of discretion review. *Glenn*, 128 S.Ct. at
8  2350-52; *Abatie*, 458 F.3d at 970. In determining how much weight to give a conflict of
9  interest under the abuse of discretion standard, courts may consider evidence outside the
10 administrative record. *Abatie*, 458 F.3d at 970 ("The district court may, in its discretion,
11 consider evidence outside the administrative record to decide the nature, extent, and effect on
12 the decision-making process of any conflict of interest; the decision on the merits, though, must
13 rest on the administrative record once the conflict (if any) has been established by extrinsic
14 evidence or otherwise."); *see also Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 949-50
15 (9th Cir. 2007). In *Welch*, the court implicitly held that a plaintiff may conduct discovery
16 in order to show a conflict of interest. In reviewing the district court's determination of
17 attorney's fees, the Ninth Circuit stated that, "[b]ecause an ERISA plaintiff may be permitted to
18 supplement the administrative record with evidence of a conflict of interest on the part of the
19 defendants, ... *some* discovery aimed at demonstrating a conflict of interest may have been
20 appropriate." *Id*. at 949-50 (emphasis in original); *see also Gullidge v. Hartford Life &*
21 *Accident Ins. Co.*, 501 F. Supp. 2d 1280, 1283 (C.D. Cal. 2007) (citing *Welch* for the
22 proposition that conducting discovery regarding whether a conflict of interest existed is
23 appropriate).

24  Met Life admits that a structural conflict exists. Based on this structural conflict of
25 interest, the Court finds that discovery into the scope of the conflict, as well as discovery
26 regarding the nature, extent, and effect of the conflict on the decision making process is
27 appropriate. Accordingly, the Court HEREBY GRANTS Plaintiff's motion to conduct
28 discovery. Nevertheless, the Court reminds Plaintiff that "such discovery must be narrowly

tailored and cannot be a fishing expedition." *Groom v. Standard Ins. Co.*, 492 F. Supp. 2d 1202, 1205 (C.D. Cal. 2007).

The Court declines to examine Plaintiff's specific discovery requests. To the extent the parties are unable to resolve disputes regarding specific discovery requests, pursuant to Civil Local Rule 72-1, the Court HEREBY REFERS this matter to a randomly assigned magistrate judge for resolution of such discovery disputes and for resolution of all discovery matters.

Plaintiff also seeks to augment the administrative record. Pursuant to 29 U.S.C. § 1133, Plaintiff is entitled to a "full and fair review" of Met Life's denial of her disability claim. Providing a "full and fair review" requires that claimants be given access to all "information relevant to the claimant's claim for benefits." *See* 29 C.F.R. § 2650.503-1(h)(2)(iii). The regulations define "relevant" to mean all documents, records, or other information that:

> (i) Was relied upon in making the benefit determination;
> (ii) Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;
> (iii) Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination; or
> (iv) In the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.

29 C.F.R. § 2650.503-1(m)(8). Met Life argues that it should not be required to produce its Claim Management Guidelines ("CMG") because these internal guidelines are confidential and are not plan specific. Met Life's internal guidelines apply generally all claims, not merely those arising under the Plan at issue in this case, or even any ERISA plan. Nevertheless, while Met Life admits that the CMG is available to case managers to refer to, if necessary, in the course of adjudicating a claim for disability benefits, Met Life is silent as to whether the CMG was referred to in connection with Plaintiff's claim for disability benefits. (Declaration of Laura Sullivan, ¶ 4.) Therefore, the Court GRANTS IN PART Plaintiff's motion to augment the administrative record and ORDERS that Met Life shall augment the administrative record with any portion of the CMG or other internal documents to the extent such documents were (1)

3

relied upon in making the benefit determination; (2) were submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination; or (3) constitute a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.  Met Life may submit these documents pursuant to a protective order and may file them pursuant to a request to keep such documents under seal in accordance with Northern District Local Civil Rule 79-5.  If the parties are unable to agree on a protective order, the parties may raise their dispute with the magistrate judge assigned to resolve discovery disputes.  If Met Life does not have any internal documents which fall under any of these categories, Met Life shall file a declaration under penalty of perjury attesting to this fact.

To the extent Plaintiff seeks to augment the administrative record with additional documents, the Court finds that Plaintiff has not made a sufficient showing.  Therefore, the Court DENIES the remainder of Plaintiff's motion to augment the record.

**IT IS SO ORDERED.**

Dated: October 22, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE