**United States District Court**
For the Northern District of California

1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                         NORTHERN DISTRICT OF CALIFORNIA

7

8   CINDY KROLL,                                    No. C-09-1404 JSW (EMC)

9              Plaintiff,

10         v.                                       **ORDER GRANTING IN PART AND
                                                    DENYING IN PART PLAINTIFF'S
11   KAISER FOUNDATION HEALTH PLAN                  MOTION TO COMPEL RESPONSES
     LONG TERM DISABILITY PLAN,                     TO WRITTEN DISCOVERY; AND
12                                                  DENYING PLAINTIFF'S MOTION TO
              Defendant.                            COMPEL DEPOSITIONS**
13
                                                    **(Docket Nos. 36, 38)**
14
   _____/
15

16

17         Currently pending before the Court are two motions to compel filed by Plaintiff.  Having

18   considered the parties' briefs and accompanying submissions, as well as the oral argument of

19   counsel and all other evidence of record, the Court hereby rules as follows.

20         (1)     To the extent it has not yet done so, MetLife shall provide a declaration certifying

21   that it has complied with Judge White's order of October 22, 2009 -- *i.e.*, that it has produced

22   documents responsive to the three categories listed on pages 3 and 4 of the order, *see* Docket No. 25

23   (Order at 3-4), subject to the requirement of ¶ 5 herein.  If no responsive documents exist, MetLife

24   shall so state.

25         (2)     In response to the Court's observation that the requests were overbroad for an ERISA

26   case, Plaintiff stated at the hearing that she was willing to limit her request for discovery to written

27   discovery regarding three subject matters.

28

1       (3)    Plaintiff has asked for written discovery regarding three subject matters.  The first is,

2 in essence, a document request asking for a sampling of reports that Dr. Sloan has prepared for

3 MetLife in other disability cases.  The Court grants this request.  MetLife shall produce twenty-five

4 reports of Dr. Sloan closest in time to the report generated for Plaintiff.

5       (4)    The second discovery request is, in essence, an interrogatory asking MetLife what

6 statistics or information it collects for purposes of managing disability claims.  This discovery

7 request is denied.  As discussed at the hearing, the probative value of the information is marginal

8 and appears to be in the nature of a fishing expedition, contrary to the terms of Judge White's

9 October 22 order.

10       (5)    The third discovery request is, in essence, a document request asking MetLife to

11 produce any instructions that it gives to its claim adjusters as to how to assess claims dealing with

12 chronic pain.  The Court deems this request to fall within the parameters of Judge White's October

13 22 order.  In that order, Judge White instructed MetLife to produce "any portion of the CMG or

14 other internal documents to the extent such documents . . . (3) constitute a statement of policy or

15 guidance with respect to the plan concerning the denied treatment option or benefit for the

16 claimant's diagnosis, without regard to whether such advice or statement was relied upon in making

17 the benefit determination."  Docket No. 25 (Order at 3-4); *see also* 8 C.F.R. § 2560.503-1(m)(8)

18 (deeming information relevant if, "[i]n the case of a group health plan or a plan providing disability

19 benefits, [it] constitutes a statement of policy or guidance with respect to the plan concerning the

20 denied treatment option or benefit for the claimant's diagnosis, without regard to whether such

21 advice or statement was relied upon in making the benefit determination").  MetLife advocates for a

22 narrow reading of Judge White's order based on his use of the phrase "with respect to the plan."  But

23 the Court does not view that phrase as limiting, at least not in the situation presented here.  So long

24 as, *e.g.*, the CMG was available to the adjusters working on the plan applicable to Plaintiff, then the

25 portion of the CMG relevant to chronic pain should be produced.  Even if the documents were not

26 within the parameters of Judge White's order, the Court finds the request is sufficiently tailored to

27 documents that may have probative value on the issue of the effect of the structural conflict on

28 MetLife's decisionmaking as to warrant its production.  The Court rejects MetLife's position that

1  this information is relevant only to the merits of the claim decision and not the issue of structural

2  conflict.  The Court also rejects MetLife's assertion that the information should not be produced

3  because it is highly confidential and proprietary.  That concern may be dealt with by a protective

4  order, limiting the use of the information for purposes of this litigation only and designating the

5  information "Attorney's Eyes Only."

6        For the foregoing reasons, the Court grants the motion to compel to the extent ordered herein

7  and denies the remainder of motion.

8        This order disposes of Docket Nos. 36 and 38.

9

10        IT IS SO ORDERED.

11

12  Dated:  March 26, 2010

13  _____

14  EDWARD M. CHEN
   United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California