United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY KROLL, | No. C-09-1404 JSW (EMC) |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS** |
| KAISER FOUNDATION HEALTH PLAN LONG TERM DISABILITY PLAN, | **(Docket No. 63)** |
| Defendant. | |
| _____/ | |

Currently pending before the Court is Plaintiff's motion for sanctions, including preclusive-type sanctions. Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel and all other evidence of record, the Court hereby **DENIES** the motion for sanctions. The Court, however, shall require a more specific declaration from Defendants.

## I. DISCUSSION

In her motion, Plaintiff argues that Defendants failed to comply with this Court and Judge White's prior orders, *see* Docket Nos. 25, 50 (orders), and therefore should be sanctioned. Because the Court does not find, at this juncture, a violation of either order, it denies the request for sanctions.

The orders of this Court and Judge White basically required Defendants to produce to documents that fall within the parameters of 29 C.F.R. § 2560.503-1(m)(8). This included:

> (iv) In the case of a group health plan or a plan providing disability benefits, [documents] constitut[ing] a statement of policy or guidance with respect to the plan concerning the denied

> treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.

29 C.F.R. § 2560.503-1(m)(8)(iv). Plaintiff contends that at least portions of Defendants' claims manual should be been produced based on this category of documents. Defendants maintain that there is nothing in the claims manual that falls within this category of documents – *i.e.*, that there is nothing in the manual that refers to Plaintiff's diagnoses (which include phelbolic syndrome and chronic pain).[1] In turn, Plaintiff argues that Defendants have an obligation to produce documents beyond those that specifically refer to her diagnoses. In support of this argument, Plaintiff relies on a recent decision, *Kruk v. Metropolitan Life Ins. Co.*, 267 F.R.D. 435 (D. Conn. 2010), in which a court held that a claimant should be provided "with access to all the procedures that did apply, should have applied, or could have applied in her case – whether or not those procedures explicitly mention her plan or condition or not." *Id.* at 441.

The Court declines to follow *Kruk* for several reasons. First, it is not binding authority. Second, several courts have indicated, contrary to *Kruk*, that for purposes of § 2560.503-1(m)(8)(iv), there is a limitation to the claimant's diagnosis.[2] Third, the court in *Kruk* reached the above conclusion based in large part on its assessment that § 2560.503-1(m)(8) was designed to ensure that claimants would "'receive any information demonstrating that, in making the adverse benefit determination, the plan complied with its own processes for ensuring appropriate decisionmaking and consistency.'" *Kruk*, 267 F.R.D. at 440 (quoting 65 Fed. Reg. 70,246, at 70,252 (Nov. 21, 2000)). But that concern appears to be more directly addressed by § 2560.503-1(m)(8)*(iii)*, which covers documents "[d]emonstrat[ing] compliance with the administrative processes and safeguards

---

[1] The Court notes that it previously rejected Defendants' argument that the claims manual need not be produced because it was not a document specifically applicable to Plaintiff's plan. *See* Docket No. 50 (Order at 2) ("MetLife advocates for a narrow reading of Judge White's order based on his use of the phrase 'with respect to the plan.' But the Court does not view that phrase as limiting, at least not in the situation presented here. So long as, *e.g.*, the CMG was available to the adjusters working on the plan applicable to Plaintiff, then the portion of the CMG relevant to chronic pain should be produced.").

[2] *See, e.g.*, *Thompson v. UBS Fin. Servs.*, No. 09-033S, 2009 U.S. Dist. LEXIS 118506, at *11-12 (D.R.I. Dec. 18, 2009); *Weed v. Prudential Ins. Co. of Am.*, No. 08cv10969-NG, 2009 U.S. Dist. LEXIS 78524, at *10-11 (D. Mass. Aug. 28, 2009); *Garrett v. Hartford Life & Accident Ins. Co.*, No. 4:07CV00065 JLH, 2007 U.S. Dist. LEXIS 57652, at *2-3 (E.D. Ark. Aug. 6, 2007); *Hughes v. Liberty Life Assur. Co.*, No. 4:07CV00694 JLH, 2008 U.S. Dist. LEXIS 6552, at *2-3 (E.D. Ark. Jan. 28, 2008).

required pursuant to paragraph (b)(5) of this section in making the benefit determination." 29 C.F.R. § 2560.503-1(m)(8)(iii). Here, the question is whether there is a limitation to the claimant's diagnosis for purposes of § 2560.503-1(m)(8)*(iv)*. Finally, the Court notes that, under the *Kruk* court's holding, the entirety of a claims manual in any given case would probably need to be produced. While the *Kruk* court specifically disavowed that it was requiring production of an entire manual, *see Kruk*, 267 F.R.D. at 441, as a practical matter, it is difficult to discern a definable limit.

In that regard the declaration from Defendants is not specific enough. The Court thus requires a declaration that is more specific than that previously filed by Defendants (*i.e.*, the Sullivan declaration). *See* Docket No. 52 (Sullivan Decl.). In the declaration, Defendants shall certify that they have produced all documents that:

(i) Were relied upon in making the benefit determination;

(ii) Were submitted, considered, or generated in the course of making the benefit determination, without regard to whether such documents were relied upon in making the benefit determination;

(iii) Demonstrated compliance with the administrative processes and safeguards required pursuant to § 2560.503-1(b)(5) in making the benefit determination; or

(iv) In the case of a group health plan or a plan providing disability benefits, constituted a statement of policy or guidance concerning the denied treatment option or benefit for Plaintiff's diagnoses: *i.e.*, phelbolic syndrome, chronic pain, obesity, pre-diabetes, atrial fibrillation, or post-thrombolic syndrome (*see* AR 243-44), without regard to whether such advice or statement was relied upon in making the benefit determination.

Where no responsive documents exist, Defendants shall so state in the declaration. The declaration shall be filed within a week of the date of this order. If documents or a portion of the claims manual does address any of the diagnoses, that portion shall be produced within said timeframe.

///

///

///

///

3

## II. CONCLUSION

For the foregoing reasons, Plaintiff's motion for sanctions is denied.

This order disposes of Docket No. 63.

IT IS SO ORDERED.

Dated: September 21, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge

4